Good morning. I would like to begin by explaining that under the REAL ID Act, as it came about, this is a case purely on the Convention Against Torture, Defer of Removal, and the question of whether the immigration judge's decision will withstand the test of substantial evidence. Beginning with the jurisdictional issue, the REAL ID Act, under the amendments stated in 8 U.S.C. 1252, that from now on, sole and exclusive means of challenging a decision under the Convention Against Torture would be by a petition for review. I suppose the government argued that the government – that this Court would not have the power to do that, but to a certain extent, it is correct in the sense that when you think of Convention Against Torture, it is withholding of removal and deferral of removal under the Convention Against Torture. Once the agency decides that the Respondent, which is the petitioner in this case, is no longer eligible for withholding a removal, that divests this court of jurisdiction on that issue. Are you familiar with what's called the zipper clause? No, Your Honor. It's that you can't simply straight up bring a CAT appeal. It has to be part of an appeal from a denial of cancellation of removal. The case is St. Fort v. Ashcroft out of the First Circuit, and there's a CFR on it? No, Your Honor. But under the petition for review, it says purely under – since he wasn't eligible for cancellation of removal or 212C, the only argument that he could make to this Court was the fact that he – that defer of removal should have been granted to him. I mean, I don't think cancellation of removal was an issue in this case. And as you stated earlier, the Court divested its jurisdiction once – of deciding whether he was eligible for 212C at this point or withholding of removal under the So, I mean, as far as bringing up a form of relief that he wasn't eligible for, seeing as he was in deportation proceedings, or as far as this case was in 1989, he wouldn't have been eligible for cancellation of removal at the time he was placed as an aggravated felon. Going back to the issue, like I said, we're arguing defer of removal in our Convention against Torture. We don't believe it's substantial evidence to support the decision by the immigration judge. And as far as Convention against Torture claims go, I don't realize Cuba seems like to me a country where you would seriously consider an issue of defer of removal under Convention against Torture. He showed previous examples of when he had been political, and he did present the penal code of Cuba, stating that upon return to Cuba, he would be arrested for – for leaving the country. In fact, it stated a lot of reasons why he would be – why he would probably be imprisoned or tortured. Political reasons, his punishment for leaving the country, to elicit information from him because of past acts against the government that he did, for any possible future acts. In fact, it's just illegal against the law in Cuba to apply for asylum. So any number of reasons why he would be tortured when he should be returned. And if you look at the BIA decision, the BIA decision was just one sentence, agreeing with the immigration judge. And the immigration judge only focused on the fact that since 1989, he didn't have that much political activity in the country. But, I mean, that would just be one small grounds for – to consider. I mean, there's no nexus requirement in Convention against Torture versus asylum or torture. He was convicted in 1989 of cocaine trafficking. That's correct. He was sentenced to eight years. He served about six. And if we were to agree with your position and a year from now he engaged in cocaine trafficking again, could the United States remove him? Well, the question is that he would have to – Why don't you start with a yes or no answer? Yes. In theory, they could put him in removal proceedings again and try to remove him. But I said he'd still be under defer of removal under Convention against Torture. He could still reapply for it. But he would still, in your view, be eligible to defer that removal because of CAT? Yes. Like I said, there's no bar to defer removal under CAT. In fact, the court stated that even terrorists – I'm just trying to understand your position. So he could continue to engage in cocaine trafficking and be convicted and serve his time and, under your theory of the law, never be returned to Cuba because of CAT? Well, unfortunately, that's the side effect. But yes. I mean, in theory, he could never be returned to Cuba. I mean, obviously, he's still going to have to suffer the criminal consequences here in the United States. But as far as being returned to Cuba, I don't think he can be ever. So under your theory, the United States is powerless to remove him to Cuba? Like I said, once granted defer of removal, yes, the government would be powerless to – not powerless, but the fact they could, I guess – defer of removal allows a country to find another safe haven or another country where he would be permitted. I suppose the U.S. government could do that. But as far as Cuba goes, no. I don't believe he could be returned to Cuba at all. But defer of removal is such a slight – I mean, it's not even considered a relief. It's just the slightest of – they're just stating that we shouldn't return him to Cuba because he's going to be tortured. It doesn't say we can't detain him. It doesn't say we can't put him in another country. It just says, for the time being, we can't defer him to Cuba. We can't send him to Cuba. And that's essentially what it is. And unfortunately, that's a side effect, but that's why the treaty exists, to prevent people like him from being tortured once they return to their native country. Would you like to save some time for rebuttal? Yes, Your Honor. Okay. Thank you, Mr. Rosas. Counsel. Good morning, Your Honors. Carol Federighi on behalf of Respondent Alberto Gonzalez. In 1989, after being caught with over 5 kilograms of cocaine in his possession, Petitioner was convicted of the conspiracy – of the offense of conspiracy to possess cocaine for distribution and sentenced to 10 years in federal prison. He served eight of those years. Counsel, let me cut to the chase here. The board held that – excuse me – that the Petitioner is statutorily ineligible for asylum and statutorily ineligible for withholding of removal because of the drug felony and a particularly serious crime. But then with respect to the Catt claim, they didn't rely on that at all. They simply said he failed to meet his burden of proof on the merits of the Catt claim. So why wouldn't we lack jurisdiction on the first two issues but still have the ability to review the merits of the Catt decision? Because the – in the case of an aggravated felon or someone convicted of a controlled substance offense, such as the Petitioner here, the court has jurisdiction only to review legal or constitutional issues. It would – it lacks jurisdiction to review factual findings by the agency, which includes the factual finding of whether he'd established a clear probability of torture in Cuba. So your view is that the failure to carry the burden of proof is a factual and not a legal conclusion. Yes. And your best case for that is Ramadan? Ramadan is a good case. Also, Hamid in the Seventh Circuit – But in this circuit, it's Ramadan, isn't it? Yes. Yes. And then – yeah, it is. And Unawaka Ulu did find jurisdiction to review an alien's withholding of removal on Catt claims, even though he had an aggravated felony conviction, but that case is distinguishable because in that case, the alien was – it wasn't clear whether the alien was ordered removed on the basis of his aggravated felony conviction. He had – there was another – And here, it's clear that that's the reason for removal, but then the Catt claim would stop that process for a different reason. Yeah, because for deferral of removal under Catt, there's no mandatory bars if you're convicted of an aggravated felony. So that fell out of the picture for that, and that's the only – he concedes that that's the only form of relief that he's eligible for. So the other ones are out of the picture. As far as deferral of removal, just to clarify one thing that you were talking about with removal if there's changed conditions in Cuba. So it's just – so it's not something that's permanent. We've been waiting for that for a long time. Yes. Yes. There – it may be a while, but there is that possibility. So it's not a permanent bar to removal. It's conditional on future events, so – and anyway, in the alternative, we've argued that even if the court just determines that it does have jurisdiction, the substantial evidence does support the board's and the immigration judge's determination that he did not establish eligibility for deferral of removal. It's a very high standard he has to – he has to show a clear probability, which means more likely than not, that he would be tortured and not just persecuted in Cuba, that he – the board and the immigration judge focused on the fact that he had showed only very minimal political involvement since he left Cuba and certainly in the last – since his conviction, he'd done very little. So there – and there was no evidence that Cuba was torturing people in his sort of category of political involvement. And there was also no evidence that Cuba was torturing people who had committed drug offenses in the U.S. or outside of Cuba. So the – and that is all borne out by the record. So substantial evidence does support the determination that he did not establish that he was more likely than not to be tortured in Cuba. In fact, the country report in the record does not – it does state that prisoners and political prisoners are being severely treated in prison and so forth, but it does not indicate that there's any actual torture going on in Cuba. So for that reason also, we believe the board's decision should be upheld in this case. Is there any other questions? Roberts. I don't see any other questions. Thank you for your argument, counsel. Revato. I think the argument still stands whether even reading the Seventh Circuit case that the government contends to in Hamid, they clearly differentiate between withholding of removal and defer of removal under the Convention Against Torture. Withholding of removal, they clearly said after particular serious crime issues met, this Court would no longer have jurisdiction on a withholding claim. However, we are still arguing that it is defer of removal. As far as what the board focused on in the one sentence, I couldn't manage to see what the board would have focused on in the one sentence they denied his CAT claim on. And as far as the immigration judge's decision, I mean, I thought there was overwhelming evidence that there was torturing occurring in Cuba. In fact, I can't think of any countries that would have as much evidence as Cuba does regarding the torture that relates to people once they return back to Cuba. Like I said, it is a high burden, but it is, having done Convention Against Torture cases, it's just I don't know other, any other country, maybe North Korea, which would have as much information regarding how much torture there is for anybody who has to, who is ever imprisoned. And clearly, our belief is that even reviewing the evidence and the fact that the judge did find him credible, and he did name numerous cases where he had previously been tortured, that if he returns to Cuba, he will be tortured. And that's one issue that BIA didn't say anything that he would relate to, whether he was credible or not credible, which the immigration judge did find. So, I mean, based on his testimony and based on the overwhelming evidence, we think that's, I mean, it was clearly that he would be tortured if he were to return to Cuba. Thank you. Roberts. Okay. Thank you both for your argument. Submission of this case will be deferred pending further order of the Court.
judges: Hawkins, Graber, Paez.